NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

PATRICK MONTERO, *Appellant.*

No. 1 CA-CR 13-0780
FILED 07-10-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2003-012544-001
The Honorable Justin Beresky, Judge Pro Tempore

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Patrick Montero ("Defendant") has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record. Defendant was given the opportunity to file a supplemental brief but has not done so.

### FACTS[1]

¶2        In January 2005, Defendant pled guilty to (1) attempted molestation of a child, a class three felony and dangerous crime against children; and (2) attempted sexual conduct with a minor, a class three felony and dangerous crime against children. The superior court suspended the sentences and placed Defendant on concurrent lifetime probation for each offense, with one year in county jail as a term and condition of probation. Defendant served the one-year sentence before being released on standard, lifetime probation.

¶3        About eight years later, Adult Probation Officer Jocelyn Meyers filed a petition to revoke Defendant's probation for violating five terms of probation. The State decided to only proceed to prove that Defendant violated term 16(B), failure to pay probation service fees. At the probation violation hearing, in addition to Officer Meyers, Defendant testified that he failed to make any payment toward the $1600 arrearage of his probation fees even during the time period he had a job in 2013. Consequently, the court found by a preponderance of the evidence that Defendant violated term 16(B) and reinstated Defendant to lifetime

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

probation but ordered him to serve thirty days in jail, and an additional four months in jail beginning June 1, 2014, which could be deferred or deleted if Defendant complied with his probation terms.

¶4 We have jurisdiction over Defendant's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

¶5 We have read and considered the opening brief and have searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the probation violation proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Defendant was represented by counsel at all stages of the proceedings, and the sentence for the probation violation imposed was within the statutory limits.

¶6 We note, however, that if Defendant tried but does not have the ability to pay his monthly probation fee, he should seek a reduction of the monthly fee as contemplated in A.R.S. § 13-901(A). Moreover, in *Bearden v. Georgia*, 461 U.S. 660, 667-673 (1983), the U.S. Supreme Court provided the analytical template for when a probationer's failure to pay fees or fines should result in revocation and imprisonment.

¶7 After this decision is filed, counsel's obligation to represent Defendant in this appeal has ended. Counsel must only inform Defendant of the status of the appeal and Defendant's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

---

[2] We cite the current version of the applicable statutes absent changes material to this decision.

**CONCLUSION**

**¶8** Accordingly, we affirm Defendant's probation violation conviction and resulting sentence.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh